UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| STEVEN M. TYLER and MELVA D. TYLER, Husband and Wife, | ) ) ) | 3:10-CV-00042-ECR-VPC |
| Plaintiffs, | ) ) | MINUTES OF THE COURT |
| vs. | ) ) ) | DATE: April 26, 2010 |
| AMERICAN HOME MORTGAGE, a New York Corporation; TICOR TITLE OF NEVADA, INC.; RECONTRUST COMPANY; BANK OF AMERICA; MERSCORP, INC., a Virginia corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a subsidiary of MERSCORP, INC., a Delaware corporation, [MERS]; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

PRESENT:     EDWARD C. REED, JR.                    U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN          Reporter:     NONE APPEARING

Counsel for Plaintiff(s)                    NONE APPEARING

Counsel for Defendant(s)                    NONE APPEARING

MINUTE ORDER IN CHAMBERS

    Plaintiffs contend that this action must be remanded because complete diversity of citizenship does not exist and we do not have federal question jurisdiction.  Defendants contend that Defendant Ticor Title of Nevada, Inc. ("Ticor") was fraudulently joined for the sole purpose of defeating diversity of citizenship and resolution of Plaintiffs' claims require a court to address issues of federal law.  For the reasons discussed below, we conclude that Ticor was not fraudulently joined and that there are no federal questions at issue.  Thus, both diversity and federal question jurisdiction are lacking, and the matter will be remanded.

    Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."  McCabe v. Gen. Foods Corp., 811 F.2d

1336, 1339 (9th Cir. 1987).  Courts have denied a claim of fraudulent joinder when there is any possibility that a plaintiff may prevail on the cause of action against the in-state defendant.  See Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant.").

Defendants argue, inter alia, that Plaintiffs' allegations with respect to Ticor are too vague.  Plaintiffs allege that Ticor took part in a conspiracy to deprive Plaintiffs of their property by participating in the MERS system.  Ticor is the named trustee on Plaintiffs' deed of trust. Thus, even if the claims are somewhat vague, it cannot be said that there is no possibility that Plaintiffs could establish a cause of action against Ticor.  Merely showing that an action is likely to be dismissed as against the purported "sham" defendant does not demonstrate fraudulent joinder. See Bertrand v. Aventis Pasteur Labs., Inc., 226 F. Supp. 2d 1206, 1213 (D. Ariz. 2002); see also Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand.").  We conclude, therefore, that Ticor was not fraudulently joined.

Defendants also contend that Plaintiffs' claims, though pled as state law causes of action, require us to resolve issues of federal law. Plaintiffs have explicitly withdrawn "any claims that suggest dissatisfaction with disclosure of interest; any reference to Federal law Violations and any requests that a Federal Question be resolved."  (P.'s Reply at 2 (#22).)  Thus, there is no federal question jurisdiction, because there is no federal question at issue.  See Baddie v. Berkeley Farms, Inc., 64 F.3d 487 (9th Cir. 1995)(finding that the practice of promptly dropping federal claims upon removal and seeking remand should not be discouraged).

**IT IS, THEREFORE, HEREBY ORDERED** that the Plaintiffs' motion to remand (#8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (#11) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that to Plaintiffs' motion to "Stay Federal Proceedings Pending Ruling On Motion for Remand" (#9) is **DENIED** as moot.

LANCE S. WILSON, CLERK
By _____/s/_____
        Deputy Clerk