**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | |
|---|---|
| STEVEN M. TYLER and MELVA D. TYLER, husband and wife,<br><br>       Plaintiffs,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE, a New York corporation; TICOR TITLE OF NEVADA, INC.; RECONTRUST COMPANY; BANK OF AMERICA; MERSCORP, INC., a Virginia corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a subsidiary of MERSCORP, INC., a Delaware corporation, [MERS]; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 individuals, Partnerships, or anyone claiming any interest to the property described in the action,<br><br>       Defendants. | 3:10-cv-00042-ECR-VPC<br><br>**Order** |

   Plaintiffs are homeowners who allege that they are the victims of a predatory lending scheme perpetrated by Defendants.  Now pending are a Motion to Dismiss (#41) filed by Defendants Bank of America, N.A. ("Bank of America") and ReconTrust Company, N.A. ("ReconTrust"); a Motion to Dismiss (#42) filed by Defendant Ticor Title of Nevada, Inc. ("Ticor"); and Plaintiffs' Motion for Leave to File Amended Complaint (#46).

### I. Background

On or about October 12, 2006, Plaintiffs Steven and Melva Tyler purchased the property located at 4892 Bougainvillea Drive, Sparks, Nevada 89436 with a first and second loan from Defendant American Home Mortgage ("AHM"). (Compl. ¶¶ 21, 29 (#1 Ex. A).) Plaintiffs executed first and second notes secured by separate Deeds of Trust recorded against the property. (Id.) On August 26, 2009, Defendant ReconTrust recorded a Notice of Default and Election to Sell. (Id. ¶ 60.)

On December 4, 2009, Plaintiff filed a Complaint (#1 Ex. A) in the Second Judicial District Court of the State of Nevada in and for the County of Washoe alleging the following fourteen claims for relief: (1) Violation of Unfair Lending Practices, N.R.S. § 598D.100; (2) Conspiracy to Commit Fraud and Conversion; (3) Permanent Injunction; (4) Declaratory Relief; (5) Wrongful Foreclosure; (6) Fraud Through Omission; (7) Quiet Title; (8) Contractual Breach of the Duty of Good Faith and Fair Dealing; (9) Tortuous [sic] Breach of the Duty of Good Faith and Fair Dealing; (10) Civil Conspiracy; (11) Racketeering (NRS 207.470); (12) Unjust Enrichment; (13) Conspiracy to Commit Fraud Related to MERS System; and (14) Fraud in the Inducement. In connection with the Complaint, Plaintiffs recorded a lis pendens on the property.

On March 26, 2010, all of Plaintiffs' claims related to the formation and/or operation of the MERS system were transferred to the MERS Multidistrict Litigation Court (the "MDL court"). On March 21, 2011, the MDL Court issued an order (#37) clarifying that the parts of Plaintiffs' claims 1, 3, 4, and 10-12 unrelated to the

2

formation and/or operation of MERS were remanded to this Court, and all other claims remained with the MDL Court.

On April 5, 2011, Defendants Bank of America and ReconTrust filed a Motion to Dismiss (#41). Plaintiffs responded (#44) on April 25, 2011. Defendants replied (#45) on May 5, 2011.

On April 6, 2011, Defendant Ticor file a Motion to Dismiss (#42). Plaintiffs failed to respond and Defendant Ticor file a Notice of Non-Opposition (#47) on May 25, 2011.

Plaintiffs filed a Motion for Leave to File an Amended Complaint (#46) on May 19, 2011. Defendants Bank of America and ReconTrust responded (#48) on June 6, 2011, and Plaintiff replied (#49) on June 16, 2011.

**II. Plaintiff's Motion for Leave to File an Amended Complaint (#46)**

**A. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is to be "freely given when justice so requires." In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001) (quoting Morongo Band of Missions Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). However, if factors such as undue delay, bad faith, dilatory motive, undue prejudice, or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). The futility analysis determines whether the proposed amendment would survive a motion to dismiss

3

pursuant to Rule 12(b)(6).  <u>Miller v. Rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

**B. Discussion**

Plaintiffs' proposed amended complaint (#44 Ex. 1) alleges the following nine causes of action: (1) Debt Collection Violations; (2) Violation of Unfair and Deceptive Trade Practices Act; (3) Violation of Unfair Lending Practices, N.R.S. 598D.100; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS 107.080 et seq.; (6) Quiet Title Action; (7) Fraud in the Inducement and Through Omission; (8) Slander of Title; and (9) Abuse of Process.

At the outset, the Court notes that many of the claims in the proposed amended complaint are already presented in the original complaint.  For this reason, amendment is not necessary to include Plaintiffs' third through seventh proposed causes of action. Accordingly, the Court denies leave to amend to add those claims. The Court now addresses the first, second, eighth, and ninth claims in the proposed amended complaint in turn.

    1. Debt Collection Violations

Granting Plaintiffs leave to plead an additional claim for unauthorized debt collection would prove futile.  Liability under Chapter 649 of the Nevada Revised Statutes ("NRS") is premised on liability under the federal Fair Debt Collection Practices Act ("FDCPA").  NEV. REV. STAT. § 649.370. At the threshold of such a claim, Plaintiffs must establish that Defendants are debt collectors within the meaning of the FDCPA.  However, the FDCPA's definition of "debt collector" does not "include the consumer's creditors, a

mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." <u>Croce v. Trinity Mortg. Assur. Corp.</u>, No. 2:08-CV-01612, 2009 WL 3172110, at *2 (D. Nev. Sept. 28, 2009) (citing S. Rep. No. 950382, at 3 (1977)).  Furthermore, foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. <u>Fitzgerald v. Clarion Mortg. Capital</u>, No. 3:10-cv-766, 2011 WL 2633502, at *5 (D. Nev. July 5, 2011) (citing <u>Camacho-Villa v. Great W. Home Loans</u>, No. 3:10-cv-210, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); <u>see also</u> <u>Izenberg v. ETS Servs., LLC</u>, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); <u>Hulse v. Ocwen Fed. Bank</u>, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).  For these reasons, the FDCPA and the corresponding Nevada debt collection statutes do not apply to Defendants.  Plaintiffs will therefore be denied the opportunity to include a futile claim for unauthorized debt collection.

### 2. Violation of Unfair and Deceptive Trade Practices Act

Plaintiffs' proposed second claim for relief pursuant to NRS § 598.0923 also fails.  Under the statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation, he or she knowingly conducts the business or occupation without all required state, county, or city licenses.  However, the statutes explicitly state that the following activities do not constitute "doing business" in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts.

5

Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempt from acquiring licenses in this mortgage case, Plaintiffs will be denied leave to amend due to futility.

3. Slander of Title

As their eighth claim for relief in the proposed amended complaint, Plaintiffs allege that Defendants slandered Plaintiffs' title by recording the Notice of Default.  To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." Exec. Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998).  However, Plaintiffs have failed to state a claim because it is undisputed that Plaintiffs are in default. See Sexton v. IndyMac Bank FSB, No. 3:11-cv-437, 2011 WL 4809640, at *5 (D. Nev. Oct. 7, 2011) ("Plaintiffs have failed to state a claim because it is undisputed that Plaintiffs are in default."); Ramos v. Mortg. Elec. Registrations Sys., Inc., No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009) (dismissing slander of title claim where Plaintiffs failed to dispute that they were in default on their loan, nor was it false that the property was to be sold at a trustee's sale).  In filing the Notice of Default, Defendants stated that Plaintiffs were in breach of the loan agreement due to nonpayment.  (Defs.' Mot. Dismiss (#55) Ex. K.)[1]  Again, Plaintiffs do not dispute that they are in fact in default.  Because the statement is not false, Defendants cannot be liable for slander of

---

[1] The Court takes judicial notice of the public records produced by Defendants pursuant to Federal Rule of Evidence 201.

title.  Leave to amend to include a slander of title claim will therefore be denied as futile.

### 4. Abuse of Process

Amendment to include Plaintiffs' proposed additional claim for abuse of process would prove futile because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort because it does not involve judicial action.  Riley v. Greenpoint Mortg. Funding, Inc., No. 2:10-cv-1873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . . Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted). Accordingly, the Court finds that amendment to add a claim for abuse of process would be futile.

Plaintiffs' Motion (#46) must therefore be denied in its entirety.  Amendment is not necessary to include a number of Plaintiffs' claims because they appear in the original complaint. Amendment to allow the other proposed claims would prove futile for the reasons stated above.  Having resolved Plaintiffs' Motion for Leave to File Amended Complaint (#46), the Court now turns to Defendants' Motions to Dismiss (##41, 42) the original complaint.

### III. Defendants' Motions to Dismiss (##41, 42)

**A. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a

7

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Rule 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion

8

to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. FED. R. CIV. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Federal Rule of Evidence 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see FED. R. EVID. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**B. Discussion**

Defendant Ticor filed a Motion to Dismiss (#42) on April 6, 2011. Plaintiffs have not responded. Accordingly, all claims that

remain within this Court's jurisdiction against Defendant Ticor are hereby dismissed pursuant to Local Rule 7-2(d), which provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

The Court again notes that Plaintiffs' second, fifth, sixth, seventh, eighth, ninth, thirteenth, and fourteenth claims for relief have been transferred to the MDL court. The Court now addresses the claims that remain within our jurisdiction, and only those parts unrelated to the formation and/or operation of MERS, per the MDL Court's order (#49).

1. Violation of Unfair Lending Practices, N.R.S. 598D.100

Plaintiffs' first cause of action against Defendants MERS and AMH for violation of Nevada's Unfair Lending Practices Act is time-barred. The statute of limitations for "[a]n action upon a liability created by a statute" is three years. Nev. Rev. Stat. § 11.190(3)(a). Plaintiffs obtained the loans at issue in October 2006 and filed the complaint (#1 Ex. A) in December 2009. (Compl. ¶ 28 (#1 Ex. A).) Plaintiffs' claim for unfair lending practices is therefore untimely and must be dismissed.

2. Civil Conspiracy

Plaintiffs assert a cause of action for civil conspiracy as their tenth claim for relief. Plaintiffs allege that Defendants entered into a conspiracy to eject Nevadans from their homes. (Compl. ¶ 110 (#1 Ex. A).) Plaintiffs assert in their response (#44) that they have abandoned their claim for civil conspiracy. (Pl.'s Opp'n Mot. Dismiss at 8 (#44).) In accord with Plaintiff's

10

affirmative abandonment and Local Rule 7-2(d), the Court dismisses Plaintiffs' claim for civil conspiracy.

In any event, the Court notes that Plaintiffs have failed to state a claim for civil conspiracy upon which relief can be granted. To state a claim for civil conspiracy under Nevada law, a plaintiff must allege (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." Lalatag v. Money First Fin. Servs., Inc., No. 2:09-cv-02268, 2010 WL 2925875, at *2 (D. Nev. July 20, 2010) (citing GES, Inc. v. Corbitt, 21 P.3d 11, 15 (Nev. 2001)). Furthermore, a claim for civil conspiracy must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." Arroyo v. Wheat, 591 F. Supp. 141, 144 (D. Nev. 1984). Here, Plaintiffs fail to plead either element of a civil conspiracy claim, let alone with particularity as to each Defendants' alleged participation. Plaintiffs' claim must be dismissed.

3. Racketeering (NRS 207.470)

Like the claim for civil conspiracy, Plaintiffs assert in their opposition that they have abandoned their eleventh cause of action for racketeering. (Pl.'s Opp'n Mot. Dismiss at 8 (#44).) In accord with Plaintiffs' affirmative abandonment and Local Rule 7-2(d), the Court dismisses Plaintiffs' claim for racketeering. In any event, the Court finds that Plaintiffs' Complaint (#1 Ex. A) fails to state a claim for racketeering because a plaintiff must plead such a claim with specificity. Eastwood v. Lehman Bros. Bank, FSB, No. 3:09-cv-00656, 2010 WL 2696479, at *2 (D. Nev. July 2, 2010) (citing Asphalt Prods. Corp. v. All Star Ready Mix, 898 P.2d 699, 700 (Nev. 1995).

11

"That is, the complaint must allege at least two predicate crimes related to racketeering in order to sufficiently plead a racketeering claim upon which relief can be granted." Eastwood, 2010 WL 2696479, at *2 (citing Asphalt Prods, 898 P.2d at 700). Here, Plaintiffs merely allege that "Defendants engaged in racketeering . . . via the predatory and abusive lending practices described herein, and the repeated failure to disclose such - both relative to Plaintiff and others." (Compl. ¶ 115 (#1 Ex. A).) Plaintiffs' single conclusory allegation falls far short of what is required to state a claim for racketeering pursuant to Nevada law and is therefore dismissed.

### 4. Unjust Enrichment

In their twelfth claim for relief, Plaintiffs assert that "Defendants have been unjustly enriched by receiving payments on the risky, volatile mortgage loan which was designed to reap inordinate profits for Defendants and to ultimately fail." (Compl. ¶ 120 (#1 Ex. A).) However, Plaintiffs have also affirmatively abandoned their claim for unjust enrichment. (Pl.'s Opp'n Mot. Dismiss at 8 (#44).) In accord with Plaintiffs' affirmative abandonment and Local Rule 7-2(d), the Court dismisses Plaintiffs' claim for unjust enrichment. In any event, Plaintiffs' claim fails anyway because under Nevada law, there can be no action for unjust enrichment where there is an express, written contract. Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev. 1997); see also Lipshie v. Tracy Inv. Co., 566 P.2d 819, 824 (Nev. 1977) ("To permit recovery by quasi-contract where a written agreement exists would constitute a subversion of contractual principles."). Plaintiffs

base their claim for unjust enrichment on "the terms of the Note and Deed of Trust executed by Plaintiffs" and "mortgage loan documents." (Compl. ¶¶ 118-19 (#1 Ex. A).)  In other words, Plaintiffs base their claim for unjust enrichment on express, written contracts. Plaintiffs' claim therefore fails as a matter of law.

### 5. Permanent Injunction and Declaratory Relief

Plaintiffs assert claims for a permanent injunction and declaratory relief as their third and fourth claims for relief, respectively.  However, injunctive and declaratory relief are remedies, not independent causes of action.  <u>In re Wal-Mart Wage & Hour Emp't Practices Litig.</u>, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007).  Both of these claims are derivative of Plaintiffs' other substantive claims, which all fail.  Accordingly, Plaintiffs' third and fourth claims for relief must also be dismissed.

## V. Conclusion

The Court has analyzed each of Plaintiffs' claims that remain in our jurisdiction and found that they all must be dismissed. Furthermore, because the Court also denies Plaintiffs' Motion for Leave to Amend Complaint (#46) for reasons of futility, Plaintiffs will not be granted leave to amend, and Plaintiffs' claims are dismissed with prejudice.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint (#46) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Bank of America and ReconTrust's Motion to Dismiss (#41) and Defendant Ticor's Motion to

13

Dismiss (#42) are **GRANTED**. All of Plaintiffs' claims remaining within our jurisdiction are **DISMISSED** with prejudice.

DATED: October 20, 2011.

*Edward C. Reed*
_____
UNITED STATES DISTRICT JUDGE

14